## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDNONADO, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>    Plaintiffs,<br><br>v.<br><br>NUWBER, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>    Defendants. | Case No.: 2:24-CV-04609 |

## **NOTICE OF REMOVAL**

TO:    The Clerk of the Court
          U.S. District Court
          Martin Luther King Building & U.S. Courthouse
          50 Walnut Street
          Newark, NJ 07101

## D.N.J. LOCAL RULE 10.1 STATEMENT

The plaintiff in this action is Atlas Data Privacy Corporation. The address for Atlas Data Privacy Corporation is 201 Montgomery Street, Suite 263, Jersey City, NJ 07302. Defendant Nuwber, Inc. does not have information regarding the addresses of the remaining plaintiffs. Plaintiffs are represented by Rajiv D. Parikh, Esq. and Kathleen Barnett Einhorn, Esq. of Genova Burns LLC, 494 Broad Street, Newark, NJ 07012, and John A. Yanchunis, Esq. and Ryan J. McGee of Morgan & Morgan, 201 N. Franklin St., 7th Floor, Tampa, FL 33602.

The defendant in this action is Nuwber, Inc. Its address is 700 N. Fairfax Street, Suite 614, Alexandria, VA 22314. It is represented by Clair E. Wischusen of Gordon Rees Scully Masukhani LLP, 18 Columbia Parkway, Suite 220 Florham Park, NJ 07932.

**PLEASE TAKE NOTICE** that Defendant Nuwber, Inc. ("Defendant" or "Nuwber"), by and through counsel, Gordon Rees Scully Mansukhani LLP, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal with respect to the case identified as *Atlas Data Privacy Corporation, et al. v. Nuwber, Inc.., et. al.*, Docket No. MRS L-000225-24 (the "State Court Action"), from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendant states as follows:[1]

**Timeliness of Removal**

1. On February 21, 2024, Atlas Data Privacy Corporation ("Atlas"), as the purported assignee of New Jersey residents along with various law enforcement officers (collectively "Plaintiffs") filed a Complaint with the Clerk of the Superior Court of New Jersey, Law Division, Morris County.

2. The Complaint asserts alleged violations of Daniel's Law, N.J.S.A. 56:8-166.1.

3. True and correct copies of the Summons, Complaint, initiating service documents, and State Court docket sheet are annexed hereto collectively as **Exhibit A**.

4. Defendant has filed no pleadings in the State Court Action.

5. Defendant was served with the Complaint on March 7, 2024.

6. Because Defendant has filed this Notice of Removal within thirty (30) days of service, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a)(1)(C).

**Basis for Removal**

7. The basis for removal is diversity of citizenship under 28 U.S.C. § 1332.

---

[1] In making this removal, Defendant does not concede the allegations in the Complaint.

8. First, complete diversity of citizenship exists pursuant to 28 U.S.C. § 1332(a)(1).

9. Atlas alleges that it is a Delaware corporation with offices at 201 Montgomery Street, Suite 263, Jersey City, NJ 07302. Compl. ¶ 21. "A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Rose v. Mattress Firm, Inc.*, No. 21-1560, 2021 WL 4520647, at *1 (3d Cir. Oct. 4, 2021) (quoting *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015)). Thus, Atlas has alleged that it is a citizen of the States of Delaware and New Jersey.

10. The Complaint alleges that Plaintiffs Jane Doe-1, Patrick Colligan, Peter Andreyev and Edwin Maldonado are police officers working in New Jersey. Compl. ¶ 15-20. As a matter of law "[e]very member of a police department and force shall be a resident of the State of New Jersey while serving in such position." N.J.S.A. 40a:14-122.8.[2]

11. The Complaint alleges that Plaintiffs Jane Doe-2 and William Sullivan are correctional police officers who are residents of New Jersey. Compl. ¶ 16; *see also Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) (persuasive evidence of one's residence includes "place of employment…and civic life in a jurisdiction").[3]

12. By contrast, Nuwber is, and at the time of the commencement of this action was, a corporation formed under the laws of the State of Virginia, with its corporate headquarters and principal place of business in Virginia.

---

[2] This statute does not define "residency." But the definition of "residency" is addressed in a separate residency requirement that covers "[e]very person holding an office, employment, or position in…the Executive, Legislative, or Judicial Branch of this State,…with an authority, board, body, agency, commission, or instrumentality of the State, [or]…with a county, municipality, or other political subdivision of the State." N.J.S.A. 52:14-7a. That statute establishes that residency" is akin to citizenship, requiring New Jersey to be the individual's "principal residence," meaning "the state (1) where the person spends the majority of the person's nonworking time, and (2) which is most clearly the center of the person's domestic life, and (3) which is designated as the person's legal address and legal residence for voting." Id. Notably, Daniel's Law also covers judges and prosecutors who would be subject to this requirement.

[3] In view of Daniel's Law, the Complaint does not state where these individual plaintiffs reside.

13. Second, while Defendant denies any liability as to Plaintiffs' claims, Plaintiffs' Complaint plausibly alleges that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a)(2).

14. Atlas asserts claims against Defendant as the assignee of approximately 18,938 individuals. Compl. ¶ 22.

15. Plaintiffs seek to recover actual damages, not less than liquidated damages as allowed under Daniel's Law, at "$1,000 for each violation." *See* Compl. ¶ 59.

16. The Complaint does not specify nor attempt to quantify the exact number of alleged violations. However, assuming one (1) violation for each "Covered Person" as defined in the Complaint, the cumulative exposure at $1,000 per each alleged violation plausibly exceeds the $75,000 jurisdictional threshold under 28 U.S.C. § 1332(a).

17. Further, Plaintiff seeks to recover attorneys' fees as allowed under Daniel's Law. "With regard to the amount-in-controversy, an award of attorneys' fees also must be included as part of that determination where such an award is provided for by statute." *Thompson v. Travelers Indemnity Co.*, No. 23-cv-02630, 2024 WL 340933, at *2 (D.N.J. Jan. 30, 2024); Wright & Miller, 14AA Fed. Prac. & Proc. Juris. § 3704.2 (4th ed.) ("[i]f a state statute allows an award of attorneys' fees…the prospect of those fees being awarded can be factored into the amount in controversy.").

18. Finally, Plaintiffs also seek to recover punitive damages as allowed under Daniel's Law which must be considered in determining the amount in controversy. *Hirsch v. Jewish War Veterans of Am.*, 537 F. Supp. 242, 244 n.3 (E.D. Pa. 1982) (punitive damages must be taken into account where recoverable under state law).

19. In sum, even if Plaintiff were not seeking recovery for violation(s) on behalf of all 18,938 "Covered Persons" as set forth in the Complaint, the amount of actual/liquidated damages,

attorneys' fees, and punitive damages for the named Plaintiffs alone would plausibly exceed the jurisdictional threshold of $75,000 if Plaintiff were to prevail at trial (which Defendant vehemently denies).

20. Accordingly, because diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal on diversity grounds.

**Compliance with Procedural Requirements**

21. This Notice of Removal is being filed in the United States District Court for the District of New Jersey because this is the District that includes Morris County, New Jersey where the State Court Action was filed. 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. § 1446, Defendant will file written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, with the Clerk of the Superior Court of New Jersey, Morris County, Law Division. Defendant will also serve a copy of the notice filed with the Superior Court of New Jersey on counsel for Plaintiffs.

23. By filing this Notice of Removal, Defendant does not waive any defenses available at law, in equity, or otherwise.

**WHEREFORE**, Defendant respectfully requests that the above-referenced action be removed to this Court for determination; that all further proceedings in the state court be stayed; and that Defendant obtain all additional relief to which it is entitled.

Dated:        April 7, 2024            Respectfully Submitted,

                                        **GORDON REES SCULLY MANSUKHANI LLP**

                                        By:   */s/ Clair E. Wischusen*
                                              Clair E. Wischusen (ID No. 018022009)
                                              18 Columbia Turnpike, Suite 220

Florham Park, NJ 07932
Telephone: (973) 549-2500
Facsimile: (973) 377-1911
cwischusen@grsm.com

*Attorneys for Nuwber, Inc.*

## **CERTIFICATION PURSUANT TO D.N.J. LOCAL RULE 11.2**

Pursuant to D.N.J. Local Rule 11.2, it is hereby stated that the matter in controversy between the parties is not subject to any other action pending in any other Court or of a pending arbitration proceeding other than the state court action removed by this Notice: Case No. MRS-L-000225-24 in the Superior Court of New Jersey, Morris County.

Dated:      April 7, 2024          **GORDON REES SCULLY MANSUKHANI LLP**


                                  By:  */s/ Clair E. Wischusen*
                                       Clair E. Wischusen (ID No. 018022009)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2024, a true and correct copy of the foregoing was served by email and U.S. Mail:

>Rajiv D. Parikh, Esq.
>Kathleen Barnett Einhorn, Esq.
>Genova Burns LLC
>494 Broad Street
>Newark, NJ 07102
>rparikh@genovaburns.com
>keinhorn@genovaburns.com
>
>John A. Yanhunis, Esq.
>Ryan J. McGee, Esq.
>Morgan & Morgan Complex Litigation Group
>201 North Franklin Street, 7th Floor
>Tampa, FL 33602
>jyanchunis@forthepeople.com
>rmcgee@forthepeople.com

Dated: April 7, 2024

>By: */s/ Clair E. Wischusen*
>    Clair E. Wischusen (ID No. 018022009)