# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons,* JANE DOE-1, *a law enforcement officer,* JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>NUWBER INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,<br><br>Defendants. | Case No.: 24-4609 |

**DEFENDANT NUWBER, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE CONSOLIDATED MOTION TO DISMISS PLAINTIFFS' <u>COMPLAINTS FOR LACK OF PERSONAL JURISDICTION</u>**

## I. INTRODUCTION

Defendant Nuwber, Inc. ("Nuwber") joins the consolidated motion to dismiss the Atlas Plaintiffs' Complaints for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), which was filed on March 18, 2025, in *Atlas Data Privacy Corp, et al. v. GoHunt LLC, et al.*, Civil Action No. 1:24-cv-04380-HB. As set forth in the consolidated motion, simply maintaining a website accessible to residents of New Jersey does not subject an out-of-state defendant to personal jurisdiction in that forum. *See Kim v. Korean Air Lines*, 513 F. Supp. 3d 462, 471 (D.N.J. 2021); *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004).

The declaration of Nuwber's Chief Executive Officer, Tatiana Borodina, establishes the absence of jurisdictional contacts between Nuwber and New Jersey. Because the facts as sworn to by Ms. Borodina confirm that none of the bases for general or specific jurisdiction exists, the claims against Nuwber should be dismissed for lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

Nuwber operates a people search website through which users can look up various categories of publicly available information, including contact details and background information. *See* Borodina Decl., ¶ 3.

Nuwber is a corporation organized under Virginia law and has its headquarters in Alexandria, Virginia. *Id.* ¶ 4. It is neither incorporated nor registered to do business in New Jersey and has not appointed any agent in the state for service of process. *Id.* ¶ 5. Nuwber has never maintained an office, mailing address, or any other physical presence in New Jersey. *Id.* ¶ 6. It does not own or lease any real property in New Jersey, and it has no mailing address or telephone listing there. *Id.* It has no employees, officers, or agents in New Jersey, and does not direct any of

its personnel to work there. *Id.* ¶ 7. It also lacks any bank accounts or financial assets in New Jersey, and it pays no taxes to New Jersey. *Id.* ¶ 8.

Nuwber does not direct any advertising, marketing, or solicitation specifically towards New Jersey or its residents. *Id.* ¶ 9. While its website is generally accessible, it does not target New Jersey as a market for its products or services, and it does not tailor any aspect of its business to New Jersey consumers. *Id.*

Plaintiffs allege that takedown requests were sent and not properly addressed by Nuwber. However, none of Nuwber's email addresses or communication channels used to handle takedown requests are maintained or operated in New Jersey. *Id.* ¶ 10. Therefore, any alleged failure to act on Nuwber's part necessarily occurred outside the forum, negating any alleged nexus to New Jersey.

### III.   ARGUMENT

#### A.   Nuwber Is Not Subject to General Jurisdiction in New Jersey.

General jurisdiction requires that a corporation be "essentially at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014). For a corporation, the relevant inquiries focus on its state of incorporation and principal place of business. *Id.* at 137. Nuwber is a Virginia corporation with its principal place of business in Virginia. Borodina Decl., ¶ 4. It has never had a headquarters, office, or regular place of business in New Jersey. *Id.* ¶¶ 6–7. Consequently, it is not "at home" in New Jersey. *See Daimler*, 571 U.S. at 137; *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

#### B.   Nuwber Is Not Subject to Specific Jurisdiction in New Jersey.

Specific jurisdiction exists only where a defendant purposefully directs its activities at the forum and the alleged injuries "arise out of or relate to" those activities. *Ford Motor Co. v.*

3

*Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Moreover, the relevant contacts must be the defendant's own, not based on "the unilateral activity" of the plaintiff. *Walden v. Fiore*, 571 U.S. 277, 286 (2014).

Here, Nuwber does not target or advertise specifically to New Jersey. Borodina Decl., ¶ 9. Its website is accessible nationwide, but broad accessibility alone does not establish that a defendant "purposefully availed" itself of a particular forum. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003); *see also Kim*, 513 F. Supp. 3d at 471 (rejecting reliance on mere website accessibility for jurisdiction). Further, any alleged inaction regarding takedown requests would necessarily have occurred outside of New Jersey. Borodina Decl., ¶ 10. Plaintiffs' decision to send communications to a non-forum defendant does not create jurisdiction where Nuwber has no presence or meaningful contacts. Because any alleged acts or omissions occurred outside New Jersey, the claims cannot "arise out of or relate to" forum-based activities. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017).

With no meaningful link to the forum and no conduct directed at the state that caused Plaintiffs' alleged injuries, the exercise of specific jurisdiction over Nuwber would violate due process. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945).

## IV.     CONCLUSION

For the foregoing reasons, and for all the reasons articulated in the Consolidated Motion to Dismiss Plaintiffs' Complaints for Lack of Personal Jurisdiction, Nuwber respectfully requests that this Court dismiss the claims against it under Federal Rule 12(b)(2).

Date: March 18, 2025                    Respectfully submitted,

                                                By: */s/ Clair E. Wischusen*
                                                Clair E. Wischusen
                                                **GORDON REES SCULLY MANSUKHANI, LLP**
                                                290 W. Mt. Pleasant Ave.
                                                Suite 3310
                                                Livingston, NJ 07039
                                                Tel.: (973)549-2500
                                                Fax: (973) 377-1911
                                                Email: cwischusen@grsm.com

                                               *Attorney for Defendant Nuwber Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2025, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices. I also certify that I have caused copies of the aforementioned document to be served via first class mail, postage prepaid, upon all non-CM/ECF participants.

Date: March 18, 2025

                                                */s/ Clair E. Wischusen*
                                                Clair E. Wischusen