UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,<br><br>   *Plaintiffs*,<br><br>v.<br><br>NUWBER, INC., RICHARD ROES 1-10, fictitious names of unknown individuals and ABC COMPANIES 1-10, fictitious names of unknown entities<br><br>   *Defendants*. | Civil Action No.: 1:24-cv-04609 |

**DEFENDANT NUWBER, INC.'S REPLY
TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

**TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................ 1

FACTS PERTAINING TO NUWBER ................................................................................. 2

ARGUMENT ......................................................................................................................... 2

      A.    Plaintiffs Fail to Provide Any Evidence that Nuwber Purposefully Availed of the State of New Jersey. ............................................................. 2

      B.    The *Calder* Effects Test Does Not Apply Because a Violation of Daniel's Law is Not an Intentional Tort. ...................................................... 4

      C.    Even if the *Calder* Effects Test was Applicable, Plaintiffs Have Provided No Evidence That Nuwber Expressly Aimed its Conduct at New Jersey ............................................................................................... 6

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ameripay, LLC v. Ameripay Payroll, Ltd.*,
    334 F. Supp. 2d 629 (D.N.J. 2004) ......................................................................................... 3

*Atlas Data Priv. Corp. v. We Inform, LLC*,
    758 F. Supp. 3d 322 (D.N.J. 2024) ......................................................................................... 5

*Atlas Data Privacy Corp., et al. v. GoHunt LLC, et al.*,
    CA No. 1:24-cv-04380-HB ..................................................................................................... 1

*Atlas Data Privacy Corp., et al. v. Nuwber, Inc., et al.*,
    CA No. 1:24-cv-04609-HB ............................................................................................ passim

*Blazovic v. Andrich*,
    124 N.J. 90 (1991) .............................................................................................................. 5, 6

*Briskin v. Shopify, Inc.*,
    135 F.4th 739 (9th Cir. 2025) ................................................................................................. 8

*Calder v. Jones*,
    465 U.S. 783 (1984) ............................................................................................................... 7

*Fidrych v. Marriott Int'l, Inc.*,
    952 F.3d 124 (4th Cir. 2020) .................................................................................................. 3

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ............................................................................................................... 3

*Goldfarb v. Kalodimos*,
    539 F. Supp. 3d (E.D. Pa. 2021) ............................................................................................ 7

*Hasson v. FullStory, Inc.*,
    114 F.4th 181 ............................................................................................................. 4, 5, 7, 8

*Johnson v. Griffin*,
    F.4th 429 (6th Cir. 2023) ....................................................................................................... 7

*Kim v. Korean Air Lines*,
    513 F. Supp. 3d 462 (D.N.J. 2021) ......................................................................................... 3

*Kloth v. S. Christian Univ.*,
    320 F. App'x 113 (3d Cir. 2008) ............................................................................................ 3

*M.H. on behalf of C.H. v. Omegle.com LLC*,
 No. CV2011294KMJBC, 2021 WL 1050234 (D.N.J. Mar. 19, 2021) ...................................... 3

*Marten v. Godwin*,
 499 F.3d 290 (3d Cir. 2007) ................................................................................................... 5

*Monturi v. Englewood Hosp.*,
 246 N.J.Super. 547 (App. Div. 1991) .................................................................................... 6

*Perna v. Pirozzi*,
 92 N.J. 446 (1983) ................................................................................................................. 6

*Remick v. Manfredy*,
 238 F.3d 248 (3d Cir. 2001) ................................................................................................... 5

*Rickman v. BMW of N. Am. LLC*,
 538 F. Supp. 3d 429 (D.N.J. 2021) .................................................................................... 4, 7

*Walden v. Fiore*,
 571 U.S. 277 (2014) ............................................................................................................... 8

## Other Authorities

*Restatement (Second) of Torts* § 8A comment b (1965) .................................................................. 5

Defendant, Nuwber, Inc. ("Nuwber"), by counsel, hereby respectfully submits this Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (the "Opposition") (ECF 92).

## **INTRODUCTION**

On March 18, 2025, Nuwber joined the consolidated motion to dismiss for lack of personal jurisdiction. *Atlas Data Privacy Corp., et al. v. GoHunt LLC, et al.*, CA No. 1:24-cv-04380-HB, ECF No. 42; *Atlas Data Privacy Corp., et al. v. Nuwber, Inc., et al.*, CA No. 1:24-cv-04609-HB, ECF No. 47. Nuwber is not subject to general jurisdiction in New Jersey because both its state of incorporation and principal place of business are in Virginia. Nuwber is also not subject to specific jurisdiction in New Jersey because none of its business activities are directed at the forum.

Despite extensive personal jurisdiction discovery, including more than five hours of deposition testimony, Plaintiffs' Opposition relies solely on publicly available information they possessed before this litigation began. Plaintiffs assert that Nuwber has substantial contacts with New Jersey simply because its website includes information about "approximately 8,055,517 individuals tied to New Jersey addresses." However, as Plaintiffs are aware, Nuwber provides information on more than 118,286,201 addresses nationwide. New Jersey data represents less than seven percent of the data on the site. Nuwber provides the same services and the same categories of information for residents of every state. Plaintiffs' attempt to portray New Jersey as uniquely targeted is a distortion of the record. Nuwber has not purposefully availed itself of New Jersey in any meaningful way. Rather, Nuwber operates a nationwide service which does not target any state in the U.S. specifically.

Plaintiffs, knowing that personal jurisdiction cannot be established under the traditional test, now attempt to pivot to the *Calder* effects test. The *Calder* effects test does not apply. A violation of Daniel's Law is not an intentional tort. Without intentional, targeted tortious conduct

1

aimed at New Jersey, *Calder* offers Plaintiffs no basis for jurisdiction.

In summary, in the four pages Plaintiffs devote to discussion of personal jurisdiction in the context of Nuwber, the same inconsequential facts are needlessly reiterated several times, none of which are sufficient to prove personal jurisdiction under either the traditional purposeful availment test nor the *Calder* effects test. With no purposeful availment aimed at the forum and no jurisdictionally meaningful contact, this Court lacks personal jurisdiction, and the claims against Nuwber must be dismissed.

## FACTS PERTAINING TO NUWBER

Because the Court is considering jurisdiction regarding multiple defendants with materially different contacts, it is necessary to reiterate the facts specific to Nuwber. Nuwber is a business incorporated in Virginia with its principal office in Virginia. Borodina Decl., ¶ 4 (ECF No. 47). Nuwber operates a people search website, https://nuwber.com, that provides publicly available information about almost all adult residents across the United States. Def. Supplemental Responses to Interrogatories at 4-6. It does no advertising at all. *Id.* at 8. It has never had any employees, agents, offices, or assets in New Jersey. *Id.* It has never entered into any contracts with businesses in New Jersey. *Id.* at 9. Nuwber permits all adult U.S residents to remove their information by simply clicking the "Remove My Info" or "Do Not Sell My Info" links on the website's homepage and completing the form found at https://nuwber.com/removal/link. *Id.* at 12-13. Once done, a person's information is typically removed within twenty-four (24) hours. *Id.*

## ARGUMENT

### A. Plaintiffs Fail to Provide Any Evidence that Nuwber Purposefully Availed of the State of New Jersey.

Plaintiffs' Opposition does nothing to address Nuwber's argument that it has not purposefully availed itself of New Jersey. Specific jurisdiction exists only where a defendant

purposefully directs its activities at the forum and the alleged injuries "arise out of or relate to" those activities. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Simply maintaining a website accessible to residents of New Jersey does not subject an out-of-state defendant to personal jurisdiction in that forum. *See Kim v. Korean Air Lines*, 513 F. Supp. 3d 462, 471 (D.N.J. 2021)*; Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 635 (D.N.J. 2004).

Plaintiffs contend that Nuwber's admission to "knowingly maintain[ing] millions of records associated with New Jersey addresses on its platform," *Nuwber, Inc., et al.*, ECF No. 92 at p. 23, is sufficient to find Nuwber deliberately targeted New Jersey residents. It does not. An encyclopedia company could have several pages with information about Hawaii, but this would not indicate deliberate targeting of Hawaii. In the same way, the fact that Nuwber has information about nearly all U.S. residents, including New Jersey, does indicate deliberate targeting of New Jersey.

As a matter of law, providing information about New Jersey individuals among those of a hundred million individuals around the country does not constitute "deliberate targeting" of the forum. *See e.g.*, *M.H. on behalf of C.H. v. Omegle.com LLC*, No. CV2011294KMJBC, 2021 WL 1050234, at *3 (D.N.J. Mar. 19, 2021) (finding that there was no indication of purposeful direction towards New Jersey by a website that is generally accessible and looks and operates the same for users across the world); *Kloth v. S. Christian Univ.*, 320 F. App'x 113, 116 (3d Cir. 2008) (finding that foreseeability that users from a forum state would access the website is insufficient to establish purposeful availment of the forum state).[1] Similarly, Plaintiffs' contention that Nuwber contracts

---

[1] *See also Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 141–43 (4th Cir. 2020) (finding no purposeful availment where hotel website included a dropdown with South Carolina (and every other state), as it "confirms that the website was accessible to all but targeted at no one in

3

with data brokers which supply publicly available information throughout the United States does not "reflect deliberate exploitation of New Jersey-sourced data." *Nuwber, Inc., et al.,* ECF No. 92 art p. 24. It is a basic premise that "general efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular." *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021).

Plaintiffs' extensive personal jurisdiction discovery has found no evidence that Nuwber directly targeted New Jersey in any way. There is no evidence of New Jersey-specific contracts, advertisements, or any appeals to New Jersey residents. Because Plaintiffs have produced no evidence to contradict Nuwber's contention that this Court lacks personal jurisdiction against Nuwber, Nuwber's Motion to Dismiss must be granted.

### B. The *Calder* Effects Test Does Not Apply Because a Violation of Daniel's Law is Not an Intentional Tort.

Plaintiffs' Opposition attempts to contort an alleged violation of Daniel's Law into an intentional tort. The reason is obvious. Because Nuwber is not subject to specific personal jurisdiction based on the traditional purposeful availment test, Plaintiffs are trying to transform a purported negligence case into an intentional tort case, so they can argue the *Calder* effects test applies. But this is contrary to how Plaintiffs pled their claim against Nuwber and how the Court previously interpreted Daniel's Law. Plaintiffs' new personal jurisdiction theory is also belied by established New Jersey precedent and common sense.

The *Calder* effects test is an alternative basis for personal jurisdiction in cases involving intentional torts. It "requires a plaintiff to plead facts establishing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) the defendant expressly aimed his tortious conduct at the forum." *Hasson v. FullStory, Inc.*, 114 F.4th

---

particular").

181, 187 (citing *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001)). "The effects test prevents a defendant from being haled into a jurisdiction . . . if the defendant did not expressly aim *its conduct* at the state." *Id.* at 191 (citing *Marten v. Godwin*, 499 F.3d 290, 298 (3d Cir. 2007)).

Plaintiffs' argument that a violation of Daniel's Law is an intentional tort is opposite this Court's own rulings. This Court held that Daniel's Law "must be read" to impose a negligence standard to avoid "absurd results" and "constitutional repugnancy." *Atlas Data Priv. Corp. v. We Inform, LLC*, 758 F. Sup. 3d 322, 340-41 (D.N.J. 2024). The Court emphasized that "liability for actual or liquidated damages does not demand a showing of specific intent or of willful or reckless conduct." *Id.* Further, even though the "New Jersey Model Civil Jury Charges classify the various privacy torts under the rubric of 'Intentional Torts,' . . . [t]his classification does not have the imprimatur of the New Jersey Supreme Court and cannot supersede [the classification of the common law tort of invasion of privacy of the intimate details of a person's life as imposing a negligence standard of liability]." *Id.* at 341 and n.9. Plaintiffs' attempt to recast a violation of Daniel's Law as an intentional tort cannot be reconciled with this Court's finding that Daniel's Law imposes a negligence standard.

Under New Jersey law, an intentional tort requires intent to harm, *i.e.*, "knowingly or purposefully engaging in conduct 'substantially certain' to result in injury to another." *See Blazovic v. Andrich*, 124 N.J. 90, 107 (1991) (quoting *Restatement (Second) of Torts* § 8A comment b (1965)). Plaintiffs try to transform a violation of Daniel's Law into an intentional tort by arguing that "Daniel's Law permits liability where the inclusion of protected information results from negligence, but the tort remains intentional because the act of disclosure itself is deliberate." *Nuwber, Inc., et al.*, ECF No. 92 at p. 6. Plaintiffs argue that a violation of Daniel's Law is an intentional tort simply because a defendant published information it was legally

5

permitted to publish before any takedown request was submitted. This definition of "intentional tort" is in clear contravention of established New Jersey precedent. *See Blazovic*, 124 N.J. at 107 (defining intentional acts to involve knowingly or purposefully engaging in conduct 'substantially certain' to cause injury to another).

Additionally, Plaintiffs' definition of intentional tort as any tort involving an intentional act, even one with no intent to harm, is irreconcilable with the very examples they cite. Plaintiffs hang their claim on the New Jersey Supreme Court's findings in *Monturi v. Englewood Hosp.*, which stated that "[n]o 'malice' or intent to injure … is required to establish battery." 246 N.J.Super. 547, 552 (App. Div. 1991). However, the *Monturi* court made clear that "ghost surgery" battery is intentional because it involves a wrongful act (operating without the patient's consent), not merely because the doctor intentionally performed surgery. *Id.* at 552 (quoting *Perna v. Pirozzi*, 92 N.J. 446, 457 (1983)). Plaintiffs, by contrast, argue that a violation of Daniel's Law is an intentional tort simply because a hypothetical act of disclosure was intentional, even if it was done prior to a takedown request or without any knowledge that a takedown request was made. That theory would erase any distinction between negligence and intentional torts, contradicting New Jersey law and common sense.[2] Because the *Calder* effects test does not apply here, Plaintiffs' attempt to establish personal jurisdiction predicated on the *Calder* effects test must fail.

      **C.**     **Even if the *Calder* Effects Test was Applicable, Plaintiffs Have Provided No Evidence That Nuwber Expressly Aimed its Conduct at New Jersey**

Even if the *Calder* effects test somehow applied in this case, Plaintiffs have provided no evidence that Nuwber expressly aimed its tortious conduct at New Jersey. The *Calder* effects test

---

[2] Negligence commonly involves intentional conduct such as deciding to operate a motor vehicle, but that does not transform a negligence claim into an intentional tort. If it did, every motor vehicle negligence case would qualify as an intentional tort simply because driving is a voluntary act, and therefore every negligence claim could invoke the *Calder* effects test.

6

"requires a plaintiff to plead facts establishing that: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum; and (3) ***the defendant expressly aimed his tortious conduct at the forum***." *Hasson*, 114 F.4th at 187 (internal citations omitted) (emphasis added). Failure to establish express aiming of tortious conduct is a complete bar to jurisdiction under the *Calder* test. *Id.* Here, Plaintiffs have failed to plead or prove any expressly aimed conduct by Nuwber, and certainly no expressly aimed *tortious* conduct.

Plaintiffs state that "[Nuwber] disclos[ed] or continu[ed] to disclose protected information that they knew concerned New Jersey residents," *Nuwber, Inc., et al.*, ECF No. 92, at p. 11, as evidence of expressly aimed conduct. However, as explained *supra*, Nuwber discloses information regarding residents of every state in the U.S, and "general efforts to target a U.S. market do not suffice to demonstrate deliberate targeting of New Jersey in particular." *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 439 (D.N.J. 2021).

Even assuming such conduct is expressly aimed at New Jersey, merely collecting or disclosing publicly available data is not *tortious* conduct and therefore does not provide personal jurisdiction under the *Calder* effects test. Plaintiffs conflate this case's circumstance with instances cases where the defendants intentionally disseminated *harmful* information about forum residents with the conduct at issue. In *Goldfarb v. Kalodimos*, 539 F. Supp. 3d, 435, 453-54 (E.D. Pa. 2021), *Johnson v. Griffin*, F.4th 429, 433 (6th Cir. 2023) and *Calder v. Jones*, 465 U.S. 783, 784-85 (1984), the out-of-state defendants were alleged to have intentionally disseminated harmful information regarding the in-state plaintiff. Here, by contrast, Plaintiffs' only accusation of allegedly tortious conduct is their allegation that Nuwber was liable for allegedly failing to remove information within ten (10) days of a Daniel's Law request. Because Plaintiffs have admitted that such conduct need not be intentional to constitute a violation of Daniel's Law, *Nuwber, Inc., et al.*, ECF No. 92

7

at p. 6, such conduct cannot satisfy the express aiming prong of the *Calder* effects test.

To find "express aiming" in this case, Plaintiffs rely on a Ninth Circuit ruling on *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025), where the Ninth Circuit treated the *Calder* "express aiming" requirement as satisfied merely because a defendant knew its conduct may affect forum residents. *Id.* at 757. However, the *Briskin* rule directly contradicts this Circuit's holding in *Hasson* that such knowledge is necessary but not sufficient to establish specific jurisdiction under the *Calder* effects test. 114 F.4th at 196 ("We have rejected the argument that the 'expressly aiming' requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state"). While Nuwber has historically published information about New Jersey residents, among residents of every other state, this does not establish personal jurisdiction under Third Circuit precedent.

Plaintiffs next assert that, because they purportedly sent Nuwber notice of Daniel's Law, Nuwber engaged in "purposeful" conduct directed at New Jersey sufficient to establish specific jurisdiction. However, in *Hasson*, the Third Circuit found that "jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum," not on "the unilateral activity of a plaintiff." 114 F.4th at 196 (quoting *Walden v. Fiore*, 571 U.S. 277, 286 (2014)). Plaintiffs' unilateral issuance of a takedown request referencing Daniel's Law does not establish express aiming towards the New Jersey forum by Nuwber. Simply put, the conduct is going in the wrong direction. It is not that Nuwber directed some action at or into New Jersey, but that Plaintiffs directed their action from New Jersey to a resident of another state.

The facts here demonstrate, even more so than in *Hasson*, that the *Calder* effects test would not allow for this Court to hold personal jurisdiction over Nuwber. Any relevant conduct

originated only because Plaintiffs contacted Nuwber out of New Jersey and not because Nuwber directed any tortious activity toward the forum. Plaintiffs rely on non-binding authority that conflicts with controlling Third Circuit precedent and cannot support their claim for personal jurisdiction.

## CONCLUSION

Nuwber's Motion to Dismiss for Lack of Personal Jurisdiction must be granted because the application of personal jurisdiction against Nuwber would be unconstitutional. Nuwber is a Virginia company which hosts a website accessible nationwide. It has no employees in New Jersey, it conducts no advertising, and it has no New Jersey specific contracts. It provides the same services to anyone worldwide. Plaintiffs' extensive personal jurisdiction discovery has failed to provide any evidence to the contrary.

Plaintiffs' Opposition appears to bristle at the concept of personal jurisdiction entirely. Nuwber has never alleged that it is not subject to personal jurisdiction anywhere. Nuwber is a Virginia company, and Plaintiffs have every right to attempt to pursue their claims against Nuwber in an appropriate forum. Instead of reckoning with the facts reiterated by Nuwber throughout the discovery process or its legal arguments, Plaintiffs attempt to sidestep the constitutional limits on this Court's authority by reframing their claims, redefining the governing legal standards, and relying on their own unilateral conduct to manufacture jurisdiction where none exists.

There is no evidence that Nuwber purposefully availed itself of New Jersey, and the *Calder* effects test does not apply because allegedly violating Daniel's Law is not an intentional tort, regardless of Plaintiffs' attempted distortion. And even if *Calder* did apply, Plaintiffs have shown no expressly aimed tortious conduct. As a result, this Court must dismiss the claims against Nuwber for lack of personal jurisdiction.

Date: February 2, 2026          Respectfully submitted,

By: */s/ Clair E. Wischusen*
    Clair E. Wischusen, Esq.
    Damon W.D. Wright, Esq.
    Segev D. Kanik, Esq.
    **GORDON REES SCULLY MANSUKHANI, LLP**
    290 W. Mt. Pleasant Ave.
    Suite 3310
    Livingston, NJ 07039
    Tel.: (973)549-2500
    Fax: (973) 377-1911
    Email: cwischusen@grsm.com
    *Attorneys for Defendant Nuwber Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I caused a true and correct copy of the foregoing to be served via the Court's CM/ECF system to counsel of record.

*/s/ Clair E. Wischusen*
Clair E. Wischusen